PRICE, Judge.
Stanley R. Davis brought this action against the Alamo Plaza Motel situated at 1288 North Market Street in Shreveport, and its insurer, Commercial Union Insurance Company, claiming damages for personal injuries sustained by him on April 10, 1970, allegedly caused by a defect in the carpet of the room he occupied as a paying guest of the motel on this date.
Plaintiff alleges he tripped on a wrinkle or buckle in the carpet as he was leaving his room, causing him to lose his balance and stumble at the stepdown from the threshold to the level of the sidewalk, severely wrenching his lower back.
From a judgment of the district court rejecting plaintiff’s demands, he has perfected this devolutive appeal.
The evidence shows plaintiff did sustain an injury to his back as he was preparing to check out of the motel on April 10, 1970. The sole issue for review is the correctness of the trial judge’s determination that plaintiff failed to prove by a preponderance of the evidence his injury was caused by a defect in the carpet as he contended in his petition.
We find no manifest error in the conclusion reached by the trial court in this matter. The trial judge in his reasons for judgment correctly followed the jurisprudence pertaining to the duty of care owed by the owner of a hotel or motel to a guest who occupies the status of an invitee. The owner is not an insurer of the safety of a guest but must only exercise reasonable care to see that the premises are safe for the occupants of rooms in the establishment. Gross v. Downtowner of Shreveport, Inc., La.App., 229 So.2d 146 (2d Cir. 1969), and cases cited therein.
The only evidence submitted by plaintiff to sustain his contention the carpet was defective was his own testimony, in which he described a buckle in the carpet of approximately one-half inch in height, causing him to stumble as he was stepping across the threshold. Although plaintiff called the desk clerk and informed her he had hurt his back and asked for an extension of time to check out of the motel, he made no mention of a defect in the carpet causing him to trip. The motel porter, who assisted plaintiff in loading his luggage a short time after the incident, testified plaintiff did not tell him the carpet caused him to stumble.
Defendants offered the testimony of an expert in carpet installation and maintenance who examined the carpet in the room in question several months after the incident. He testified the carpet was in good condition and possessed the normal tension for a commercial carpet. He further testified the carpet would not wrinkle or buckle to any significant degree under ordinary foot traffic.
The record further reflects no remedial work had been done on the carpet since the date of the occurrence of plaintiff’s injury.
We are constrained to agree with the trial judge that the evidence preponderates *234 in favor of the defendants, and plaintiff has failed to show the Alamo Plaza has breached any duty owed to him as an invitee of the motel.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.