385 So.2d 1229 (1980)
Kenneth SOLIS
v.
CIVIC CENTER SITE DEVELOPMENT COMPANY, INC., d/b/a Downtown Howard Johnson's, et al.
Emanuel PALMISANO
v.
CIVIC CENTER SITE DEVELOPMENT COMPANY, INC., doing business as Downtown Howard Johnson's, et al.
Charles A. ARNOLD
v.
CIVIC CENTER SITE DEVELOPMENT COMPANY, INC., d/b/a the Howard Johnson's Downtown Motor Lodge, et al.
Nos. 10795-10797.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1980.
Rehearing Denied August 5, 1980.
*1230 Jackson & Stovall, James E. Stovall, New Orleans, for Charles S. Arnold, plaintiff-appellant.
Kronlage, Dittmann & Caswell, Albert S. Dittmann, Jr., New Orleans, for Kenneth Solis and Emanuel Palmisano, plaintiffs-appellants.
McGlinchey, Stafford & Mintz, Dermot S. McGlinchey and Suzanne P. Keevers, New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN and HOOD,[*] JJ.
SAMUEL, Judge.
Plaintiffs, Kenneth Solis, Emanuel Palmisano and Charles A. Arnold, filed these later consolidated suits against the following defendants, among others: Civic Center Site Development Co., Inc., d/b/a The Howard Johnson's Downtown Motor Lodge, and its alleged insurers, Insurance Company of North America, Pacific Employers Insurance Company and American Home Assurance Company. Plaintiffs seek damages for personal injuries sustained by them in the Howard Johnson's sniper episode which occurred on January 7, 1973. The three plaintiffs, New Orleans policemen, were injured (by gunshot) when they responded to a call for help in quelling the sniper's activities. The basis for plaintiffs' claim against Howard Johnson's is that the owner and operator of the premises was negligent in failing to prevent the sniper's actions, and that by virtue of such negligence defendants are liable in damages.
The above named defendants filed a motion for summary judgment on the theory that, as a matter of law, a proprietor is not liable for injuries to policemen summoned in an emergency even though the emergency itself was caused by some negligence on the part of the proprietor. Plaintiffs did not file countervailing affidavits. At a hearing on the motion, the trial court observed the motion might also be styled an exception of no cause of action. Consequently, defendants amended their motion and pled such an exception in the alternative. The trial court permitted plaintiffs to amend their petitions to state more fully all allegations of fault on the part of Howard Johnson's.
At a second hearing, on March 16, 1979, the trial court entertained oral argument and subsequently maintained the exception of no cause of action and dismissed plaintiffs' suits as to the exceptors. The three plaintiffs have appealed from that judgment.
The sniper incident took place when an individual named Mark Essex seized control of the Downtown Howard Johnson's Motor Inn and paralyzed the New Orleans business district with gun shots from one or more high powered rifles. He also set fires in the building in order to attract firemen to the scene. The New Orleans Police Department was called. The three plaintiffs *1231 were New Orleans police officers on that date, and they responded to the call for help. In the process of attempting to help the guests and eliminate the sniper, they were shot. More than 600 policemen from various jurisdictions in and around New Orleans responded to the emergency, and they were held at bay by the sniper for more than 24 hours. The crisis finally ended when the sniper was shot from a Marine Corps helicopter.
The issue for this court's decision is whether Howard Johnson's, a motel proprietor and operator, which summoned police in the emergency is liable for injuries inflicted on responding police officers by a third party.
Plaintiffs' petitions assert Howard Johnson's was negligent in not exercising proper security measures to protect guests and other persons on the premises from actions such as those perpetrated by Essex, in allowing doors between a fire escape and a connecting parking lot to remain open in spite of the dangers inherent in such a situation, and in failing generally to exercise due precautions under the circumstances.
Exceptors concede a proprietor owes a duty of care to those on his premises.[1] They assert, however, that because of that duty it was incumbent upon this proprietor to summon policemen to the motel under emergency conditions to aid its guests and eliminate the armed sniper. They further contend the proper standard of negligence by which they should be judged is the duty-risk analysis emanating from Dixie Drive It Yourself Sys. v. American Beverage Co.[2] They argue that under the duty-risk theory the jurisprudence of this state holds a proprietor is not liable for injuries to professional rescuers because those rescuers do not fall within the ambit of risk of the proprietor's original negligence.[3] After considering the record and the arguments advanced, we conclude the exceptors are correct.
The question of causation and the resulting liability has been analyzed in Louisiana under two separate approaches. The older approach required the courts to first determine whether a defendant had been negligent, and if he had, then determine whether his negligence was the "proximate cause" of plaintiff's injury. In Dixied the Supreme Court applied the "duty-risk" formula, reversing the order of analysis. Under this method of analysis, the first inquiry is whether the actions or omissions of the defendant caused injuries to the plaintiff. If the court finds they did, the next inquiry is whether defendant owes plaintiff a duty of care. To answer this question, the court first determines whether a rule of law, statutory or jurisprudential, protects plaintiff's interest. If the court answers this question in the affirmative, it must then ask whether the rule of law protects the particular plaintiff from the particular type of harm occurring in the particular manner.
Appellees argue we should pretermit a consideration of their alleged fault or negligence because the Louisiana courts have already determined, based primarily on reasons of public policy, that a defendant proprietor is not liable to police officers or other rescuers injured by a third party when responding to a call for help. In Laird v. Travelers Insurance Company,[4] the court stated:
"... The resolution of the duty-risk element of tort liability adversely to the claimant pretermits an inquiry into ultimate negligence or fault, for liability cannot be imposed for negligent acts in the absence of that relationship."
To impose liability on defendants in this case would result in placing a double standard of liability upon the proprietor of a public place. For example, in Weaver v. *1232 O'Banion,[5] the court held a bartender's negligence in allowing a fight to start did not furnish a basis for imposing liability on him to a policeman injured in the fight. In that case an off-duty state police officer displayed his badge in an effort to stop a disturbance and was struck by a bar patron. The officer sued the bar proprietor on the theory he was liable for the policeman's injuries because the bartender had negligently allowed the disturbance to intensify. The trial court allowed recovery, but the appellate court reversed, finding plaintiff was not within the ambit of risk of the bartender's negligence.
The court in Weaver quoted with approval Malone, Ruminations on Cause-In-Fact,[6] as follows:
"All rules of conduct, irrespective of whether they are the product of a legislature or a part of the fabric of the court-made law of negligence, exists for purposes. They are designed to protect some persons under some circumstances against some risks. Seldom does a rule protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises. How appropriate is the rule to the facts of this controversy? This is a question that the court cannot escape."
The Weaver court examined the policy aspects of a proprietor's duty of care, and held that the "rule of conduct" did not protect a policeman from the negligence of a bartender in allowing a fight to intensify. The court stated:
"Plaintiff's contention puts a bartender in the position of being responsible to patrons for injuries he does not prevent by, among other means, calling the police and to the police if he calls them and one is injured."[7]
In effect, the court refused to burden a business proprietor with a similar liability standard first to patrons on the premises and second to those summoned in their professional capacity to aid the patrons in time of danger. This policy encourages a proprietor to call for professional help and discourages dangerous attempts at self-help.
A similar holding was reached by this court in Thompson v. Warehouse Corp. of America.[8] In Thompson we held a proprietor's negligence in causing or increasing a fire furnished no basis for imposing liability upon him to a professional fireman injured in fighting the fire to which he was summoned. The court stated:
"... We hold that negligent maintenance of a sprinkler system, which may result in a fire's burning more fiercely or with denser smoke or otherwise more dangerously, is not a breach of duty fault within La.C.C. 2315towards the firefighters who may come to fight the fire."
The court further stated it was unreasonable to hold an owner owes a duty to firefighters not to allow his building to catch fire; on the contrary, it is the firefighters' duty to property owners (and neighbors) to save them from their negligence.
Our consideration of the issue presented in this case compels a holding that a proprietor with a duty of care for the lives, safety and property of those on his premises should not be discouraged from calling for aid from police or firemen because of fear of liability resulting from injury to them by third parties. Accordingly, assuming the truth of all well-pleaded facts in plaintiffs' petitions, we hold those petitions do not state a cause of action against the exceptors.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[*] Due to the death of Judge Hood prior to rendition, but after his concurrence therein, this opinion is rendered unanimously by Samuel and Redmann, JJ.
[1] See Davis v. Alamo Plaza of Shreveport, Inc., La.App., 253 So.2d 232.
[2] 242 La. 471, 137 So.2d 298.
[3] Defendants do not concede negligence on their part, but instead argue the question of their negligence should not be reached in this case.
[4] 263 La. 199, 216, 267 So.2d 714, 720.
[5] La.App., 359 So.2d 706.
[6] 9 Stanford L.Rev. 60, 73 (1956).
[7] Supra, note 5, at page 708.
[8] La.App., 337 So.2d 572.