CHIASSON, Judge.
This is a suit to have part of a law declared unconstitutional. The trial court found no merit in the plaintiff’s suit and therefore dismissed it. The plaintiff appeals the decision reurging the same contentions he urged before the trial court. We have read carefully the entire record and find that the trial court in its written reasons for judgment, a copy of which is attached hereto, correctly disposes of the factual and legal issues presented.
For the reasons expressed by the trial court, which we adopt as our own, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.
WRITTEN REASONS FOR JUDGMENT
This class action seeking declaratory and injunctive relief was filed by Wayne F. .McElveen (plaintiff), City Marshal, City of Lake Charles, Ward 3, against the State of Louisiana through the Municipal Police Employees’ Retirement System. Plaintiff sought and was denied admission into that system in 1973. The basis of that denial was a determination by the Board of Trustees that the plaintiff as a city marshal did not meet the definition of employee for purposes of admission into the police retirement system. Those definitions are set forth in R.S. 33:2372 as follows:
“(2) ‘Employee’ shall mean any full time police officer, empowered to make arrests, employed by a municipality of the state of Louisiana and engaged in law enforcement, or an elected chief of police whose salary is at least one hundred dollars per month, and any employee of this system.
(3) ‘Employer’ shall mean any municipality in the state of Louisiana which employs a full time police officer, empowered to make arrests, or which has an elected chief of police whose salary is at least one hundred dollars per month and the Municipal Police Employees Retirement System.
(4) ‘Member’ shall include any employee, as defined in Paragraph (2) of this *666 Section, included in the membership of this system as provided in R.S. 33:2373.”
After the Board refused to admit McElveen to the retirement system, he and several other marshals filed suit to be admitted. In 1974 while that suit was pending, the Legislature amended R.S. 33:2372 to read as follows:
“(2) ‘Employee’ shall mean any full-time police officer, empowered to make arrests employed by a municipality of the state of Louisiana and engaged in law enforcement, earning at least three hundred seventy-five dollars per month excluding state supplement pay, or an elected chief of police whose salary is at least one hundred dollars per month, and any employee of this system. Employee shall not mean a city or ward marshal, nor shall this term be construed to include any elected councilman or mayor of any city, (Emphasis Added)
(3) ‘Employer’ shall mean any municipality in the state of Louisiana which employs a full time police officer, empowered to make arrests, or which has an elected chief of police whose salary is at least one hundred dollars per month, and the Municipal Police Employees' Retirement System.
(4) ‘Member’ shall include any employee, as defined in Paragraph (2) of this Section, included in the membership of this system as provided in R.S. 33:2373. In any case of doubt the board of trustees shall be the sole judge as to eligibility for membership.”
The 1974 amendment clearly excluded McElveen and other city marshals from the definition of employee for purposes of the police retirement system. (City marshals have been placed in another retirement system.) After the amendment was passed, the plaintiff dismissed the suit filed in 1973 and filed the present suit. Petitioner seeks in this suit to have the 1974 amendment which redefined employee for the purposes of the police retirement system declared unconstitutional based on the equal protection clauses of the United States and Louisiana Constitution.
Equal protection analysis has been discussed at length in a number of Louisiana cases. See Everett v. Goldman, La., 359 So.2d 1256 (1978); Succession of Thompson, La., 367 So.2d 796 (1979), and more recently Acorn v. New Orleans, La., 377 So.2d 1206 (1979). The analysis begins by recognizing that the Legislature can classify and differentiate among persons and situations if the difference in treatment or classification furthers some legitimate interest. The key to the analysis is the characterization of the difference in treatment. If the classification or difference in treatment affects some suspect class (a distinction based on race or alienage) or affects a fundamental right (such as the right to privacy, the right to vote, or the right to travel), the court examining the legislation must use a high level of review. At this level of review (“strict scrutiny”), the court must find that a compelling state interest is being furthered by the classification. Absent an effect on a suspect class or a fundamental right, the court must use a lower level of review. This level of review (“minimum rationality”) demands only that the distinction not be arbitrary and be based on practical and reasonable grounds relative to the interest sought to be furthered. This is the level of review with legislation in the social and economic area. In addition, there is a third or middle level of review which has been used by the courts in cases involving gender and birth status classification.
The petitioner urges the court to adopt the highest level of review which would demand a compelling interest on the part of the state in excluding city marshals from the Police Retirement System. The court cannot agree that this is the appropriate level of review. The exclusion of city marshals is not a distinction based on race or alienage nor does it affect a fundamental right. Neither is the distinction based on gender or birth status which would trigger an intermediate level of review. The appropriate level of review is “minimum rationality,” and the function of the court is to determine whether the distinction is arbi *667 trary or whether it is based on some rational and reasonable ground relative to the interest sought to be furthered.
The state has an obvious interest in providing retirement systems for its employees and making these systems available to other municipal employees. To this end, the Legislature has established a number of retirement systems. The Legislature determines the categories and qualifications for each system based on its perceptions of the needs of the persons involved relative to the functions of their employment. In R.S. 33:2373 the Legislature has excluded marshals from the Municipal Police Employees’ Retirement System. The plaintiff contends that this exclusion is totally arbitrary and unrelated to any legitimate interest; the court does not agree.
The basis of the “minimum rationality” level of review is that the courts should defer to an accommodation of interests made at another co-equal branch of government. The Legislature has placed city marshals and municipal police officers in different retirement systems. Obviously it has distinguished the needs of the two relative to the functions of their employment. The court does not find the distinction arbitrary or unreasonable. Although policemen and city marshals may belong to a broad category of law enforcement personnel whose functions overlap, there are essential differences in their functions and sources of authority.
R.S. 13:1881 sets forth the functions of the marshal. The marshal is the chief executive officer of the court and when he is executing orders of the court he has the powers of a sheriff. A policeman has been defined by the courts as a “member of an organized civil force for maintaining peace and order, preventing and detecting crime and enforcing the law.” Tezeno v. Maryland Casualty Company, 166 So.2d 351, La.App. 3rd Cir. (1964). In general contemplation, the peace-keeping aspect of the policeman’s functions includes routine patrolling, investigating and answering of emergency calls. The routine functions of the marshal do not include these activities. He may, in the course of his employment, perform one or the other of these functions on occasion, but the fact remains that his principal duties do not include these activities. The policeman is not the executive officer of the court, nor does his authority extend only from the City Court when he is executing orders and mandates of that court. These are basic distinctions which could trigger different considerations by the Legislature in setting up retirement systems.
The Legislature has placed marshals in the Municipal Employees’ Retirement System and policemen in the Municipal Police Retirement System. This is a legislative function and determination. In light of the above discussion, the court cannot say the distinction between the two is arbitrary or completely unrelated to any legitimate interest.
For the reasons set forth, plaintiff’s suit is dismissed at his cost.