428 So.2d 1171 (1983)
Mary Ann Agee SMITH, Individually and As Natural Tutrix on Behalf of Her Minor Children, Leeanne Smith and Michael Smith
v.
CITY OF KENNER, Kenner Police Department, Hampton J. Lemoine, Larry Lemoine, Kathy Lemoine, Batiste J. Giardina, Diane Nagle Giardina, Alton Adams, ABC Insurance Company and DEF Insurance Co.
No. 82-CA-128.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
Leo Jerome Lahey, Conner, Martinez & Miles, Metairie, for Mary Ann Agee Smith, et al., plaintiff-appellant.
James D. Maxwell, Kenner, for City of Kenner, Kenner Police Dept. and Alton Adams, defendants-appellees.
Before BOUTALL, CHEHARDY and CURRAULT, JJ.
BOUTALL, Judge.
This case arises from a wrongful death action brought by the widow of a man who died from a gunshot wound received in a barroom fight. From a judgment maintaining an exception of no cause of action filed by three of the defendants, the plaintiff has taken this appeal.
The facts which brought about the lawsuit are as follows: In the early morning of June 8, 1980, Batiste F. Giardina, the owner of Andy Capp's Lounge in Kenner, called the Kenner Police to eject some patrons of the bar who refused to leave and who he said made threats against him. Patrolman Alton Adams responded to the call, asked the patrons, Hampton J. Lemoine and Larry Lemoine and their companions, to leave and when they had done so left himself. Shortly thereafter the Lemoine party returned to the bar. A fight ensued, in the course of which William Myles Smith, a patron who had remained in the bar, was shot. Smith expired a week later.
Smith's widow, Mary Agee Smith, filed a petition on June 5, 1981, for damages for *1172 his wrongful death, for herself individually and as natural tutrix on behalf of her two minor children. The petition named as defendants the City of Kenner, the Kenner Police Department and Alton Adams, along with their insurer (designated as ABC Insurance Company), and Hampton J. Lemoine, Kathy Lemoine, Larry Lemoine, Batiste J. Giardina, and Diane Nagle Giardina. On April 26, 1982, the City of Kenner, the Kenner Police Department, and Alton Adams filed an exception of no cause of action and alternatively, a motion for summary judgment. After a hearing on the motion on May 24, 1982, the judge sustained the exception and declared the motion for summary judgment to be moot. The judgment was signed on June 10, 1982, maintaining the exception and dismissing the plaintiff's suit. The plaintiff's appeal followed.
The sole issue before this court is whether or not the petition states a cause of action against the City of Kenner (City), the Kenner Police (Department), and Patrolman Alton Adams (Adams).
The Supreme Court defined the exception of no cause of action in Haskins v. Clary, 346 So.2d 193 (La.1977) at 194, as follows:
"The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Pence v. Ketchum, 326 So.2d 831 (La. 1976); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968)."
Conclusions of the pleader are not accepted as true, and conclusionary allegations are not to be construed as stating a cause of action. Reed v. Yor-Will, Inc., 406 So.2d 236 (La.App. 1st Cir., 1981); Trumbaturi v. Katz & Besthoff, 180 La. 915, 158 So. 16 (La.1934).
Counsel for the plaintiff focuses his argument in opposition to the exception on the issue of the police officer's duty to the victim. Under the duty-risk analysis set forth in Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (La.1962), before considering whether the defendant owed the plaintiff a duty of care, we must first determine whether the actions or omissions of the defendant were a cause of the plaintiff's injury. Solis v. Civil Center Site Development Company, Inc., 385 So.2d 1229 (La. App. 4th Cir.1980). As noted in LeJeune v. Allstate Co., 365 So.2d 471 (La.1978) at 475:
"A negligent party may not be held liable where his negligence is not a cause in fact of the accidenti.e., where the negligence is not a substantial factor in bringing about the harm. Dixie Drive It Yourself Sys. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Restatement of Torts, 2d, Section 431-33 (1965)...."
The pertinent articles of the petition, in which the plaintiff makes allegations against Adams, the City, and the Department, read as follows:
"4.
"While Smith was in the lounge, the three Lemoine defendants, who were also customers, began making statements to defendant, Buddy Giardina, that they were not leaving at closing time, and further, that one or more of them were armed;
"5.
"As a result of these statements and threats, defendant, Buddy Giardina, contacted the Kenner Police Department, at which time he did request the assistance of said Police Department in dealing with the threats of the Lemoine defendants;
"6.
"As a result of this call, defendant Adams arrived at the lounge, and after being fully appraised of the threats and insinuations made by the Lemoine group, *1173 did order the Lemoine group to depart the lounge;
"7.
"Despite being informed of the possibility that the Lemoine group was armed, and despite overhearing certain threats made by the Lemoine group as they were leaving the lounge, defendant Adams made no attempt to ensure that the Lemoine group did leave the immediate premises, nor did he in any way attempt to ascertain if any of the Lemoine defendants were armed; in fact, defendant Adams left while the Lemoine defendants were still immediately in front of the lounge;
"8.
"Immediately after the departure of defendant Adams, the Lemoine group re-entered the lounge and began a physical assault on the customers, during which William Myles Smith was wounded in the abdomen by a gun shot; as a result of this injury, William Myles Smith died on June 27, 1980;
"9.
"The actual and proximate cause of Smith's injury and death was the failure of defendant Adams to carry out the specific duties and obligations he owed to Smith to ensure his safety after being notified of the direct and immediate danger to which Smith was exposed; this breach of a specific duty owed to Smith constitutes an act of negligence for which defendant Adams is indebted unto petitioners for damages sustained;
"12.
"At all pertinent times herein, defendant Adams was acting in his official capacity as a policy officer and/or was acting within the course and scope of his employment with the Kenner Police Department, and that because of same, the Kenner Police Department and/or the City of Kenner, as employer of this officer are thereby liable jointly, severally and in solido with all other defendants for damages to petitioners;"
Under the allegations of the petition, the Lemoine defendants had made threats against only the owner of the lounge, Giardina. Giardina was closing the bar and called the police to deal with the Lemoines because they would not leave. The petition admits that the officer acted as requested, ordering the people to leave, and that the people did go out of the bar. Having fulfilled the duty for which he was called, he then left the premises.
The petition further alleges that Adams owed Smith a duty "... to ensure his safety after being notified of the direct and immediate danger to which Smith was exposed...." We find nothing in the petition to suggest that Adams received notice of threats against Smith by the Lemoines nor do the plaintiffs allege that the Lemoines shot Smith. There is no allegation that Smith was for any reason unable to leave the bar if he was in danger. We find no causal connection between Alton Adams' behavior in handling Giardina's call and the subsequent wounding of Smith.
In his memorandum opposing the exception counsel for the plaintiff attempts to show that the victim Smith fell under the exception to the "public duty doctrine" because the police officer owed a duty to him as a particular individual, not to the public at large. Tompkins v. Kenner Police Dept., 402 So.2d 276 (La.App. 4th Cir.1981); Dufrene v. Guarino, 343 So.2d 1097 (La.App. 4th Cir.1977) writ denied La., 343 So.2d 1068 (1977); Prattini v. Whorton, 326 So.2d 576 (La.App. 4th Cir.1976).
The cases cited by the plaintiff to illustrate duty to an individual are inapplicable to the issue at hand. Those cases involve alleged intentional torts by law officers, and one may only surmise that the duty owed is that of protecting the plaintiff from harm by the officer himself. In Bourque v. Lohr, 248 So.2d 901 (La.App. 3rd Cir.1971), the harm complained of was an intentional beating by the police officer. In Kyle v. City of New Orleans, 353 So.2d 969 *1174 (La.1977), excessive force in an arrest was the complaint. In Honeycutt v. Town of Boyce, 327 So.2d 154 (La.App. 3rd Cir.1976) reversed 341 So.2d 327 (La.1976), the town marshal intentionally shot the plaintiff's husband when serving a warrant. In the case before us, the plaintiff complains not that the policeman harmed him but that he owed him a duty to prevent his being harmed in the future by others.
We have considered the policeman's duty in the light of Stewart v. Schmieder, 386 So.2d 1351 (La.1980), where the Supreme Court took up the applicability of the public duty doctrine. In that case, the City-Parish of Baton Rouge was held liable for damages in a building collapse because of the negligence of the head of the city's construction permit and inspection department who breached a duty of a public nature. The duty breached by the official was one assigned him by statute, i.e. the Baton Rouge Building Code, and is summarized by the court as follows:
"It can be seen that, in addition to general enforcement duties, the building official has the specific duty, before issuing a building permit, to require detailed plans and specifications to be submitted by a licensed architect or engineer. He further has the duty to examine those plans to determine that they comply with the laws and ordinances in effect and that the proposed construction is safe. In light of the City-Parish building official's failure to carry out that duty in regard to the structural plans and specifications for this building, and in particular in regard to the defectively designed wall connection which caused the collapse, we conclude that the City-Parish is liable to those injured and killed when the building proved to be structurally unsound." Stewart v. Schmieder, above, at 1355.
We believe that the holding of Schmieder does not apply to the case before us, because the duty of a policeman is not specifically delineated by statute, but is jurisprudentially defined. We follow the definition enunciated by the court in Tezeno v. Maryland, 166 So.2d 351 (La.App. 3rd Cir.1964) at 356:
"We think the term `Policeman,' as that term is generally used and understood, means a person who is a member of an organized civil force for maintaining peace and order, preventing and detecting crime, and enforcing the law. A policeman of a city is a person who has been authorized and empowered by the city to perform duties which relate to its governmental function of maintaining peace and order."
This definition appears in City of New Orleans v. Lewis, 263 La. 809, 269 So.2d 450 (La.1972) and was adopted by the court in McElveen v. State, Municipal Police Emp., Etc., 399 So.2d 664 (La.App. 1st Cir.1981). The McElveen court added, at 667:
"... In general contemplation, the peacekeeping aspect of the policeman's functions includes routine patrolling, investigating and answering of emergency calls...."
The facts alleged in the plaintiff's petition do not indicate a one-to-one duty constituting an exception to the public duty doctrine or a statutory duty. Consequently, we find that the petition fails to state a cause of action under which the plaintiff may recover against Adams, the City, and the Department.
Accordingly, we affirm the judgment maintaining the defendants' exceptions and dismissing the plaintiff's suit against Alton Adams, the City of Kenner, and the Kenner Police Department.
AFFIRMED.