516 So.2d 1299 (1987)
David Michael HOLDSWORTH & Louise Ford Holdsworth, Appellants,
v.
RENEGADES OF LOUISIANA, INC., DBA Cowboys Club and Restaurant, et al., Appellees.
No. 19207-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
Writ Denied February 5, 1988.
Peters, Ward, Bright & Hennessy by J. Patrick Hennessy & Michael G. Latimer, Shreveport, for appellants.
Blanchard, Walker, O'Quin & Roberts by Lawrence W. Pettiette, Jr., Shreveport, for appellees.
*1300 Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
A police officer, summoned to quell a disturbance at a party being held at a local nightclub, was injured in a scuffle with an individual at the party. Suit was filed by the officer and his wife against the alleged assailant and several other parties, including the club. After settlement with the other defendants, the case went to trial before a jury against the club. From an adverse judgment, plaintiffs appealed. For the reasons hereinafter explained, we AFFIRM.
On the evening of December 19, 1983, a bail bondsman was hosting a private party, with an open bar, on the second floor of the Cowboys Club in Bossier City. Among the more than 100 in attendance were off-duty law enforcement officers, attorneys and court officials from the Bossier City-Shreveport area. During the party a Shreveport deputy city marshal, Dove, became intoxicated and was involved in an altercation with Bridges, an off-duty Bossier City officer. When the fight began a Burns security guard and a Cowboys employee responded to a code call and immediately proceeded to the second floor where they attempted to break up the fight. The club manager called the police and Officer Holdsworth arrived within a few minutes. The officer approached Dove and asked for identification. Dove was uncooperative and he and Holdsworth became "entangled". The officer grabbed Dove's jacket, bringing him down to the floor. In carrying out this maneuver Holdsworth injured his right knee. This litigation ensued.
Plaintiffs alleged Cowboys was negligent in allowing Dove to consume excessive amounts of alcohol, failing to provide adequate security, failing to control and supervise the party, and failing to control the situation and keep order. Cowboys answered, asserting that the sole proximate cause of Holdsworth's injuries was his negligence in failing to use proper procedures in effecting the arrest and failing to take reasonable care and precaution under the circumstances.
The club manager, Ms. Williams, testified concerning Cowboys' security system. She said the club maintained an elaborate code system by which employees constantly monitored the situation internally. In addition, the club hired an outside security system to handle disturbances on club premises. When a fight occurred in the club, their policy was for the manager to alert club security to the problem and then to call the police. After doing this she stationed herself at the entrance to direct police to the scene when they arrived.
The incident in question occurred on a Monday night. Since this was usually a slow night at the club, the security force consisted of one club security guard and one Burns guard. In addition, the party host had hired another Burns guard to check invitations and monitor the second floor. The extra guard had left prior to this altercation and the other guards were downstairs when the fight began. Ms. Williams was making her rounds on the second floor when she noticed the disturbance between Dove and Bridges. She immediately summoned the two security guards, called the police and went to the front door. When Holdsworth arrived, the manager directed him upstairs. After a few minutes she went to the second floor and observed Dove causing problems for Holdsworth. The manager immediately called for additional police support.
Captain Bridges, off-duty officer from Bossier City, testified that Dove became very intoxicated during the party and was increasingly belligerent. After a verbal exchange between the two, Dove and Bridges became involved in an altercation but were finally separated by security guards. When Holdsworth arrived a few minutes later he queried Bridges as to what had happened, approached Dove and requested some identification. When Dove refused the request, Holdsworth grabbed him by the collar and threw him to the floor.
*1301 Bridges stated that he had seen security guards on the second floor during the party. One was stationed near the bar and one manned the entrance to the party and both were in these positions for most of the night.
Austin, Bossier City deputy chief of police who also attended the party while off-duty, corroborated Bridges' testimony concerning the altercation and the encounter between Dove and Holdsworth.
The 32 year old Holdsworth testified that he received a disturbance call from Cowboys around 11:30 P.M. and immediately responded. Upon being directed upstairs by the manager, he found "total chaos". Holdsworth approached the two security guards and was informed there had been a fight between Bridges and another person. Holdsworth approached Dove to get some identification and to "diffuse the situation." Dove appeared to be extremely intoxicated and drew back as though to strike Holdsworth. The latter said he instinctively grabbed Dove's lapel to deflect the blow and took Dove to the floor, with both men falling, injuring the officer's knee.
Dove admitted that he had 8-10 strong drinks at the party between 7:00 and 10:30 P.M. Most of those drinks, according to Dove, came from friends rather than from the bar. He described the altercation with Bridges, but said that had terminated when Holdsworth appeared some 10 minutes later. The officer requested Dove's identification. Dove replied that he had none. The request was repeated and the same answer given. Dove said Holdsworth then grabbed him and threw him to the floor. Holdsworth allegedly got on Dove's back and handcuffed him.
In answer to interrogatories, the jury found Dove 50% at fault, Holdsworth 50% at fault, and Cowboys not at fault. A judgment was rendered, pursuant thereto, in favor of the defendant. Plaintiffs motions for judgment notwithstanding the verdict and for a new trial were denied.
The primary complaint made by plaintiffs on appeal is that the jury was erroneously charged regarding the duty owed Holdsworth by Cowboys and its responsibility for violent activities of persons on its premises. It is further asserted that the erroneous jury instructions so affected the verdict that it should be set aside and an independent fault determination made by this court.
The trial judge discussed at length the duty owed by Cowboys to Holdsworth, seemingly summarizing it in this sentence:
"... the basic standard applicable is the requirement that defendant exercise that degree of care which we might reasonably expect from an ordinary prudent person under the same and similar circumstances."
Plaintiff appears to argue that, though Cowboys was under a duty to summon the police because of the disturbance in its club, the existence of that situation which required the calling of the police was also a violation of its duty to the police, i.e. Cowboys owed Holdsworth a special duty to protect him against the actions of the patron he arrested.
As a general rule, the owner or operator of a business owes a duty to invitees to exercise reasonable care to protect them from injury. Davenport v. Nixon, 434 So.2d 1203 (La.App. 1st Cir.1983), and cases cited therein.
A bar operator owes his patrons the duty to provide the protection necessary to keep his house orderly and safe. Borne v. Bourq, 327 So.2d 607 (La.App. 4th Cir. 1976). This duty includes calling the police when necessary. Ballew v. Southland Corp., 482 So.2d 890 (La.App. 2nd Cir. 1986). Is this same duty owed a police officer who is summoned to quell a disturbance?
This question was confronted in the case of Weaver v. O'Banion, 359 So.2d 706 (La. App. 1st Cir.1978), writ denied, 360 So.2d 1349 (La.1978), where an off-duty state police officer was injured when attempting to quiet a disturbance in a bar. The court found that the plaintiff had voluntarily *1302 reassumed his duties as a policeman. Referring to plaintiff's argument, the court said:
"Plaintiff's contention puts a bartender in the position of being responsible to patrons for injuries he does not prevent by, among other means, calling the police and to the police if he calls them and one is injured."
It was concluded that the "ambit of protection owed by the bartender does not extend to the policeman acting as such."
A similar issue was presented in Solis v. Civic Center Site Development Co., Inc., 385 So.2d 1229 (La.App. 4th Cir.1980), writ denied, 390 So.2d 1343 (La.1980), where police officers sued for damages resulting from being wounded by a sniper after they were summoned to a motor lodge when the sniper started shooting. The position of the defendants was that a proprietor is not liable for injuries to policemen summoned in an emergency even though the emergency itself was caused by some negligence on the part of the proprietor. Sustaining an exception of no cause of action, the court agreed with the defendants that:
"... under the duty-risk theory the jurisprudence of this state holds a proprietor is not liable for injuries to professional rescuers because those rescuers do not fall within the ambit of risk of the proprietor's original negligence."
The court then concluded:
"Our consideration of the issue presented in this case compels a holding that a proprietor with a duty of care for the lives, safety and property of those on his premises should not be discouraged from calling for aid from police or firemen because of fear of liability resulting from injury to them by third parties."
In Thompson v. Warehouse Corp. of America, Inc., 337 So.2d 572 (La.App. 4th Cir.1976) a fireman appealed a summary judgment dismissing his action against a warehouseman for injuries sustained in fighting a fire in the warehouse. The court ruled:
"The question is whether defendant is responsible for injuries resulting to a fire fighter from its negligence in not having the valves open. We hold that negligent maintenance of a sprinkler system ... is not a breach of duty-fault within La.C.C. 2315towards the fire fighters who may come to fight the fire ... We deem it unreasonable to hold that an owner owes it to fire fighters not to let his building catch on fire."
In this case Cowboys did not owe Holdsworth a duty to keep its premises free of intoxicated patrons and disturbances caused by them. It did have a duty to refrain from inflicting injury on the policeman; to exercise ordinary care to avoid injuring the officer by affirmative acts of negligence after he was summoned; and, if Cowboys was aware of a dangerous condition and had reason to believe the policeman was unaware of it, to warn him. See CJS, Negligence, § 31(1), 63 (45, 57).
Since the trial judge's jury instruction on this issue of Cowboy's duty to Holdsworth was not specifically couched in these terms, we have exercised the prerogative of making an independent determination of the facts from the record without according any weight to the verdict. See Kounter v. Carleton, 510 So.2d 1370 (La.App. 3rd Cir. 1987).
Based upon that examination we find no breach of the duty owed by defendant to Holdsworth. It did nothing to inflict injury upon him; committed no affirmative act of negligence resulting in injury to him after he was summoned; and did not fail to inform the officer of a dangerous condition of which he appeared to be unaware.
Having reached this conclusion, we find it unnecessary to consider the other assignments of error raised by plaintiffs.
For these reasons, we AFFIRM the judgment of the trial court, at plaintiffs' cost.