THOMAS D. RIPP, II      *      NO. 2025-CA-0170

VERSUS      *      COURT OF APPEAL

WALGREEN LOUISIANA      *      FOURTH CIRCUIT
COMPANY, INC., ABC
INSURANCE COMPANY AND      *      STATE OF LOUISIANA
JOHN DOE

     *

     *

    * * * * * * *

**MORIAL, J., DISSENTS AND ASSIGNS REASONS**

*MGM*

     I respectfully dissent. The majority reverses the trial court's judgment sustaining Appellant's cause of action for gross negligence finding that the petition, taken as true states a cause of action within Louisiana's duty-risk framework. The threshold inquiry in a negligence action is whether the defendant owed a duty to the plaintiff. *Duronslet v. Wal-Mart Stores, Inc.*, 22-0019, p. 18 (La. App. 4 Cir. 7/27/22) 345 So.3d 1136, 1149. Appellant relies on the recent case of *Doe v. McKesson* to support his argument that Walgreens has a "universal duty on the part of the defendant in negligence cases to use reasonable care so as to avoid injury to another." 21-00929 p. 8 (La. 3/25/22), 339 So.3d 524, 531 (quoting *Boykin v. La. Transit Co.*, 707 So.2d 1225, 1231 ( La. 1988)). Appellant argues, that but for Walgreens' gross negligence in not maintaining security in a high crime area, his injury would not have occurred. I respectfully disagree.

     *McKesson* was decided on a narrow set of facts. The defendant in *McKesson* led a public protest which obstructed a public highway, an illegal act in Louisiana. 21-00929, p. 8, 339 So.3d at 531. The defendant was arrested during the protest. *Id*. The court found that because of this intentional lawless conduct—his leading protestors onto the blocked highway—it was foreseeable the police would get involved in the demonstration to clear the highway and make arrests. *Id*. The court

also found that the defendant failed to exercise reasonable care because he ignored the foreseeable risk of violence instituted by his own actions. *Id.* The *McKesson* court affirmed that Louisiana does not recognize a duty "to protect to others from the criminal activities of third persons." *Id* at 532. *Ponsecai*, 99-1222 p. 6 (La. 11/30/99), 752 So.2d 762, 766. *See also Harris v. Pizza Hut of Louisiana, Inc.*, 455 So.2d 1364, 1371 (La. 1984). Instead, it held that "McKesson owed [Officer]Doe a duty not to negligently precipitate the crime of a third party." *Doe v. McKesson*, 339 So.3d at 532.

The facts alleged in the petition do not demonstrate that Walgreens' action in summoning the police to its establishment during a robbery attempt, was the cause-in-fact of the Officer's injuries. Appellant's petition does not allege that Walgreens engaged in any affirmative conduct that created the harm or magnified the risk of Officer Ripp's assault. The petition fails to allege any type of collaboration between Walgreens and the shoplifter, or that Walgreens had special knowledge of the shoplifter's propensity for violence, and failed to warn Officer Ripp. Unlike in *McKesson*, the foreseeability element is lacking here. Moreover, Walgreens failure to have security on the premises at the time of the robbery is not at all analogous to the defendant in *McKesson* who intentionally engaged in violent and criminal conduct during the public protest to provoke a response from the police. Instead, in line with well-settled case law, Walgreens fulfilled its duty to its patrons when it summoned the police to apprehend and arrest the suspected shoplifter.

An older Fourth Circuit opinion, *Spicuzza v. Fonseca* is particularly relevant here. *Spicuzza* and its progeny specifically declined to extend a proprietor's general duty to his patrons to exercise reasonable care to protect them from injury, including calling the police when necessary. *Spicuzza v. Fonseca*, 537 So.2d 272, 274 (La. App. 4th Cir. 1988) citing *Ballew v. Southland Corp.*, 482 So.2d 890 (La.

App. 2nd Cir. 1986). "A proprietor who summons the police as part of the duty to exercise reasonable care to protect invitees does not then assume a further special duty to protect police officer from the actions of patrons on the premises." *Holdsworth v. Renegades of Louisiana, Inc.* 516 So.2d 1299 (La. App. 2nd Cir. 1987). If the proprietor did not commit affirmative acts of negligence that resulted in injury to the professional rescuer, or did not fail to inform the rescuer of the dangerous condition, the proprietor owes no duty. *Id.* at 1301.

*Spicuzza* also discussed the strong policy reason for not extending a special duty to professional rescuers. "If such a duty were recognized by the courts, the proprietors would be reluctant to summon police to their premises when needed because of fear of liability resulting from injury to the officers by third parties." *Spicuzza v. Fonseca*, 537 So.2d at 274. *See also Solis v. Civic Center Site Development Co. Inc.*, 385 So.2d 1299 (La. App. 4th Cir. 1980). Allowing police officers to recover in such situations, might encourage proprietors to resort to self-help methods that could create additional public safety risks. *Id. Spicuzza*, *Holdsworth*, and *Solis* remain good law to date, and have not been abrogated by the decision rendered in *Doe v. McKesson*.

An appellate court reviews the trial court's ruling on an exception of no cause of action *de novo* as it presents a question of law. *Cunningham v. City of New Orleans*, 21-0532, p. 9 ( La. App. 4 Cir 3/30/22), 336 So.3d 977, 986. An exception of no cause of action "questions whether the law extends a remedy against a defendant to anyone under the factual allegations of the petition." *Id.* at p.10. " The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.* at p. 11, 336 So.3d at 986-87.

Pursuant to our *de novo* review, dismissal of Appellant's cause of action at this stage is warranted, as the four corners of the petition fail to state a cause of action recognized by Louisiana law. Extending Walgreen's duty of reasonable care to include a police officer could have a chilling effect on the performance of any professional rescuer's official duties by preventing them from acting in the best interests of the public if their primary concern is liability. Also it could possibly exacerbate existing crime problems, if the police fail to appear when summoned by merchants attempting to protect their patrons.